CITY OF ELWOOD *v.* HAND.

[No. 2,980.    Filed January 28, 1900.]

APPEAL AND ERROR.—*Record.*—No question is presented for review upon the action of the court in overruling a demurrer to a complaint, where the complaint was afterward amended and the amendments were not set out in the record.  *pp. 22, 23.*

SAME. — *Assignment of Error.* — *New Trial.* — *Instructions.* — The refusal to give an instruction will not be reviewed on appeal where the issue tried is not sufficiently shown by the record, and the motion for a new trial does not specify as error the refusal of the instruction alone, but states as one cause the refusal to give the instruction complained of and others jointly, and the others are not mentioned in argument, and it does not properly appear that all of the instructions given are in the record.  *p. 23.*

From the Madison Superior Court.    *Affirmed.*

*L. W. Melett, C. L. Henry, B. McMahan* and *J. A. Van Osdol,* for appellant.

*H. F. Wilkie, Henrietta Wilkie, C. K. Bagot, Alfred Ellison* and *Thomas Bagot,* for appellee.

BLACK, J.—In the transcript of the record before us it appears that on the 8th of March, 1898, the appellee filed in the court below his amended complaint against the appellant, which is set out, consisting of three paragraphs, each for the recovery of damages for the flooding with water of the real estate and dwelling-house of the appellee, caused by the appellant.  A demurrer to each paragraph of this amended complaint, for want of sufficient facts, was overruled on the 31st of March, 1898, and the appellant filed its answer in denial to each paragraph of said amended complaint.    It next appears from the record that on the 2nd day of June, 1898, the cause, "being at issue," was submitted for trial to a jury (the jurors being named), "who were sworn to well and truly try all the issues joined in this cause; and the evidence is begun; and leave is given the plaintiff to amend his complaint by specifying particularly in what

City of Elwood *v.* Hand.

way his property was damaged; and the plaintiff now amends his complaint as above indicated; and the evidence is resumed," etc.

The amendment thus permitted and made is not further shown. It does not appear whether the appellee amended one paragraph alone, or all the paragraphs, or in what language he made the amendment or amendments. The forms of the issues tried are not shown in the record. The demurrer was not addressed to the complaint on which the trial was had, and we have no means of knowing the change or changes made in the complaint to which the demurrer was directed, or what new facts were added to those whose sufficiency was questioned by the demurrer. Therefore, we must allow the propriety of the appellee's suggestion that the specifications in the assignment of errors, by which it is sought to bring before us for review the action of the court in overruling the demurrer to each paragraph of the complaint, do not properly present any material question for our consideration.

It is also assigned that the court erred in overruling the appellant's motion for a new trial. Under this assignment it is argued that the court erred in refusing to give to the jury instruction numbered one asked by the appellant. For many reasons this action of the court can not be reviewed. The issue tried is not sufficiently shown by the record. The evidence is not before us, no attempt having been made to place it in the record. The motion for a new trial did not specify as error the refusal of this instruction alone, but stated as one cause the refusal to give this and many other instructions jointly, and none of these others are mentioned in argument. It does not properly appear that all the instructions given are in the record. Judgment affirmed.